IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

**DEBORAH M. DEMACK,**

**Plaintiff,**

v.                                                          Case No. 10-cv-00288-KBM/WDS

**OFFICE OF THE ATTORNEY GENERAL**
of the State of New Mexico; **GARY K. KING,**
Attorney General, individually and in his official
capacity; **ALBERT J. LAMA,** Chief Deputy Attorney
General, individually and in his official capacity,

**Defendants**

### ORDER DENYING PLAINTIFF'S MOTION
### FOR A PROTECTIVE ORDER AND SEALING OF DOCUMENTS

This matter is before the Court on Plaintiff's Motion for a Protective Order and Sealing of Documents (Document #47) filed February 16, 2011. The Court, having read the briefs submitted by the parties, and being otherwise fully advised, finds that the Motion is not well taken and it will be denied.

Plaintiff's complaint alleges that she was wrongfully terminated from her employment at the Office of the Attorney General. She asserts claims for Title VII sex discrimination; violation of the Equal Pay Act; and § 1983 claims for age and sex discrimination, all of which have been denied by Defendants. Plaintiff's motion seeks a protective order for what she deems to be "confidential personnel files and records" and specifically asks the Court to seal a June 24, 2008 memo written by Karen Meyers ("Confidential Memo"). The memo appears to have been sent by Ms. Meyers to Plaintiff while she was employed by the Attorney General. The memo sets forth Ms. Meyers'

purported dissatisfaction with Plaintiff's job performance and essentially asks for Plaintiff's resignation.

In support of her motion Plaintiff cites the Inspection of Public Records Act, NMSA 1978 § 14-2-1(A)(3) ("IPRA") for the proposition that this document is exempt by law from public inspection without the authorization of Plaintiff. Defendant asserts that the provisions cited by Plaintiff only apply to public record requests, and do not apply to private litigation. The Court agrees with the Defendants' position on this matter.

The IPRA, for example, exempts records pertaining to physical or mental examinations, which is in accord with the physician patient privilege. But it is axiomatic that a party to a lawsuit waives such a privilege by injecting her physical or mental condition into the case as the basis of a claim or an affirmative defense. Assuming, arguendo, that the document in question would not otherwise be subject to public examination under the IPRA, it is undisputed that the reason for Plaintiff's termination is the subject of this lawsuit. The Federal Rules of Civil Procedure govern the manner in which this lawsuit proceeds, not the IPRA.

The cases cited by Plaintiff are inapposite. In *Petz v. Ethan Allen, Inc*., 113 F.R.D. 494 (D. Conn. 1985) it was the job performance evaluations of plaintiff's supervisor, not the plaintiff, that were made the subject of a protective order. Similarly, the restrictions on employment records imposed in *Carr v. Monroe Mfg. Co.*, 431 F.2d 384 (5th Cir. 1970) applied to *non-party* employees, not the named plaintiffs. Finally, Plaintiff cites *City of Farmington v. The Daily Times and New Mexico Foundation for Open Government*, 146 N.M. 349 (2009) for the proposition that the IPRA applies to private litigation. However, that case was an action to enforce the IPRA brought by a person whose written request had been denied. The IPRA specifically authorizes such litigation. *See*, NMSA 1978 § 14-2-12.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion for a Protective Order and Sealing of Documents (Document #47) is hereby denied.

_____
**W. DANIEL SCHNEIDER**
**UNITED STATES MAGISTRATE JUDGE**