IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

DEBORAH M. DEMACK,

        Plaintiff,

v.                                              CIV 10-00288 KBM/WDS

OFFICE OF THE ATTORNEY GENERAL
of the State of New Mexico, GARY K. KING,
Attorney General, individually and in his official
capacity, ALBERT J. LAMA, Chief Deputy Attorney
General, individually and in his official capacity,

        Defendants.

## MEMORANDUM OPINION AND ORDER ON DEFENDANTS' MOTION TO DISMISS *(Doc. 51)* and PLAINTIFF'S MOTION TO STRIKE *(Doc. 64)*

THIS MATTER is before the Court on Defendants' Motion to Dismiss Plaintiff's Fourth Cause of Action *(Doc. 44)* and Plaintiff's responsive Motion to Strike *(Doc. 64)* that pleading. The Court has reviewed the briefing of the parties, the original and amended complaints and the relevant authorities. For the reasons that follow, I deny the motion to strike and grant the motion to dismiss.

At the outset, I emphasize that the allegations of the Amended Complaint are at issue on this motion to dismiss. I further believe that because of her education, background and experience, Plaintiff should not be entitled to the lenient pleading rule we generally provide to *pro se* litigants. Ms. DeMack acknowledges that she graduated from San Francisco Law School in 1999 and has been a practicing attorney in New Mexico since at least 2002 when she was

hired as an assistant attorney general for the State.  The Supreme Court made the following observations in the context of an attorney who represented himself and sought attorney fees pursuant to 42 U.S.C. § 1988:

> Even a skilled lawyer who represents himself is at a disadvantage in contested litigation.  Ethical considerations may make it inappropriate for him to appear as a witness.  He is deprived of the judgment of an independent third party in framing the theory of the case, evaluating alternative methods of presenting the evidence, cross-examining hostile witnesses, formulating legal arguments, and in making sure that reason, rather than emotion, dictates the proper tactical response to unforeseen developments in the courtroom.  The adage that "a lawyer who represents himself has a fool for a client" is the product of years of experience by seasoned litigators.
>
> A rule that authorizes awards of counsel fees to pro se litigants - even if limited to those who are members of the bar - would create a disincentive to employ counsel whenever such a plaintiff considered himself competent to litigate on his own behalf.  The statutory policy of furthering the successful prosecution of meritorious claims is better served by a rule that creates an incentive to retain counsel in every such case.

*Kay v. Ehrler,* 499 U.S. 432, 437-438 (1991)(footnote omitted).  Similarly, to afford a *pro se* Plaintiff who is an experienced attorney the benefits of the liberal pleading rule could serve as a disincentive to retain counsel.

It nevertheless appears that I have previously engaged in liberal construction in this case.  In her Fifth Cause of Action , Plaintiff requests relief for deprivation of  "the rights, immunities and privileges secured to Plaintiff under the Constitution and laws of the United States of America" and specifically  references "42 U.S.C. § 1983."  Although the Fifth Causes of action refers to discrimination and the "right to earn equal pay for equal work," Plaintiff does not use the words "equal protection" or "due process."   However inartfully drafted, I have in the past construed Ms. DeMack's equal protection and due process claims to have been brought pursuant to Section 1983 in the Fifth Cause of Action.  And, I have ruled that those claims survived the motion to dismiss  brought on the basis of Eleventh Amendment Immunity.  Defendants concede

that the instant motion to dismiss is not intended to impact the due process §1983 claim.  Rather, that claim is addressed in the pending motion for summary judgment *(Doc. 43)* on the basis of qualified immunity.  *See Doc. 51* at 1.

Plaintiff's Fourth Cause of Action for alleged due process violations simply refers to the "14th Amendment U.S. Const." makes no mention of Section 1983.  *See Doc. 35* at 12.  As Defendants correctly note, Plaintiff cannot bring a due process claim directly under the Constitution in the present circumstances.  "Where relief is available under § 1983, a majority of courts refuse to allow actions directly under the Constitution." *Jensen v. Bd. Cty. Comm'r for Sedgwick Cty.*, 636 F. Supp. 293, 299 (D. Kan. 1986) (citing authority omitted).  Because both Section 1983 and Title VII provide her with an avenue for relief, the Fourth Cause of Action fails to state a viable claim.

Wherefore,

**IT IS HEREBY ORDERED** that Plaintiff's Motion to Strike *(Doc. 64)* is **denied**, and Defendant's Motion to Dismiss *(Doc. 51)* is **granted**.  The Fourth Cause of Action in the Amended Complaint that purports to directly bring a due process claim under the Constitution is hereby **dismissed with prejudice**.

**IT IS FURTHER ORDERED** that Plaintiff's Section 1983 due process and gender discrimination claims in the Fifth Cause of Action are unaffected by this ruling.

_____
UNITED STATES MAGISTRATE JUDGE