IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

DEBORAH M. DEMACK,

        Plaintiff,

v.　　　　　　　　　　　　　　　　　　　　　　　CIV 10-0288 KBM/WDS

OFFICE OF THE ATTORNEY GENERAL
of the State of New Mexico, GARY K. KING,
Attorney General, individually and in his official
capacity, ALBERT J. LAMA, Chief Deputy Attorney
General, individually and in his official capacity,

        Defendants.

## ORDER ON PENDING MOTIONS

THIS MATTER is before the Court on several pending motions related to the individual defendants' motion for summary judgment on the Section 1983 claims based on alleged sex discrimination. The Court has reviewed all of the parties' submissions and given due consideration to the arguments raised therein.

Plaintiff DeMack believes she is caught in a discovery Catch-22. In response to Defendants' motions, she must produce admissible evidence first to establish a prima facie case and then to rebut the proffered legitimate business reasons for the actions taken by these officials of the Attorney General's Office ("AGO"). But, Plaintiff argues, a great deal of that evidence relating to asserted gender-based salary discrepancies is in the hands of the AGO.

Defendants filed a second motion to stay discovery at the same time they filed the motion for summary judgment. *See Docs. 88, see also Doc. 44*. And, as Defendants correctly note in their motion, "qualified immunity is not only a defense to liability but also entitlement to

immunity from suit and other demands of litigation." *Workman v. Jordan*, 958 F.2d 332, 336 (10th Cir. 1992). They therefore have requested on two occasions the entry of "an order staying all proceedings, including discovery" until the qualified immunity issue is resolved. *Doc. 87* at 2.

That same day, Ms. DeMack filed her own motion to stay. *See Doc. 88*. The relief she seeks is somewhat different, however. In order to obtain information to meet her burden on the summary judgment motion, Ms. DeMack recites that she filed requests for documents pursuant to the New Mexico Inspection of Public Records Act ("IPRA") to which she has received what she thinks are insufficient responses. *See Doc. 88* at 2; *see also Doc. 104*. Her later supplemental affidavit attached to *Doc. 101* reveals that over the past two years she has filed fourteen IPRA requests and has been able to copy and inspect certain documents. *Doc. 101-1* at 7-8 ("Rule 58 Affidavit"). She argues, nonetheless, that she is unable to respond to the summary judgment motion until Defendants provide **_all_** of the information sought by the IPRA requests, and asks that these proceedings be stayed until that occurs. *Id.* at 2-3.

In yet another motion entitled "Plaintiff's Motion to for [sic] Extension of Time to Respond to Defendants' Motion for Summary Judgement," Ms. DeMack argues that she "is barred from seeking discovery" and has been since Defendants filed their first motion to stay discovery back on June 30, 2010. *Doc. 89* at 2; *Doc. 104* at n.2. As best as I can tell from the court file, I initially entered an unopposed order granting a stay of the proceedings until such time as the Defendants' Motion to Dismiss Based on Eleventh Amendment Immunity was decided. *See Doc. 17* (text entry only order). At Plaintiff's request, I permitted her to file additional briefing on the issue, and I finally ruled on that motion (*Doc. 12*) on December 17, 2011. As far as the Court was concerned, the stay was lifted at that time. Evidently Defendants

concur since they have since filed two motions to stay.  *See Docs. 44 & 87*.

Ms. DeMack incorrectly believes that a litigant's simple filing of a motion to stay discovery is sufficient to effectuate that result.  Rather, it is the Court, not the parties, that has the power to stay proceedings.  And, as best I can tell, neither Judge Schneider nor I have yet ruled on the motions to stay filed by Defendants on January 14 and June 20 of this year.

Plaintiff then argues in her motion for extension of time to respond

> that the most recent discovery stay filed by Defendants (*see* Doc. 87, filed June 20, 2011) is likewise improper.  By filing her objections, Plaintiff seeks to have the discovery stays lifted. . . . [and] requests the Court to extend the deadline for responding to Defendants' motion for summary judgment until such time as the Court lifts the stays and Ms. DeMack has had an adequate opportunity to conduct discovery.

*Doc. 89* at 3.  Her reply brief to this motion makes it even clearer that she seeks not only response to her IPRA requests, but to conduct discovery pursuant to Rule 26.

In furtherance of that desire, Ms. DeMack has attached a Rule 56(d) Affidavit that outlines the discovery she feels is needed to respond to the dispositive motion.  *See Doc. 101-1*.  But I find that the ten-page Rule 56(d) Affidavit asserts a need for information that goes far beyond what would be needed to respond to the qualified immunity inquiry.  To grant her the relief requested would put the defendant officials through the unduly burdensome and intrusive discovery from which they would be protected if entitled to invoke the qualified immunity defense.  Indeed, an order permitting limited discovery for responding to a qualified immunity motion "must be tailored specifically to the question of [defendants]' qualified immunity."  *See Workman*, 958 F.2d at 336 (10th Cir. 1992) (citation omitted).

Moreover, Ms. DeMack fails to specifically explain why the documents that have been produced in response to her past IPRA requests are insufficient or what specific information

3

should have been produced or and why these documents or information are essential for her response.  In the most recent briefs filed by Ms. DeMack, she refers to a petition for writ of mandamus filed in state court just three days ago pursuant to the IPRA that specifically refers to "the AGO's failure to produce the findings and report of the pay equity study performed and produced by Frank Reinow for the AGO." *Doc. 104-1* at 9.  As later made clear, however, she seeks "[a]ll documents that relate to the pay equity work *performed in 1994* by Mr. Reinow for the Attorney General's Office." *Doc. 104-1* at 19 (emphasis added).  It is difficult to perceive the relevance of the sought information given its age – almost a decade before Ms. DeMack began her employment with the AGO.  And even if that information somehow could be found calculated to lead to admissible evidence on the qualified immunity issue, Ms. DeMack fails to explain why, if she felt the responses to her IPRA requests were deficient, she failed to earlier follow through with the state remedies available to enforce the provisions of the IPRA.

      Nor has Plaintiff explained in her Supplemental Affidavit why she is unable to obtain the information she needs from other sources available to the general public.  For instance, a simple Google search locates a document available on the Internet entitled "Salaries of exempt N.M. state employees" listing salary, names and positions of OAG exempt employees.  *See* http://www.abqjournal.com/data/salarystatex.php?sort=FINDAGENCY&findagency=Office+of+the+Attorney+General&Submit=Select.

      Wherefore,

      **IT IS HEREBY ORDERED** that Plaintiff's Motion to Stay *(Doc. 88)* all proceedings until such time as Defendants produce all documents sought in her IPRA requests is **denied**, and Defendants' Motions to Stay Discovery *(Docs. 44 & 87)* are **granted**.

**IT IS FURTHER ORDERED** that Plaintiff is given until August 26, 2011 to file her response to the Motion for Summary Judgment as to Plaintiff's § 1983 Claim for Sex Discrimination on the basis of qualified immunity.

_____
UNITED STATES CHIEF MAGISTRATE JUDGE
Presiding by Consent