IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

DEBORAH M. DEMACK,

        Plaintiff,

v.                                              CIV 10-00288 KBM/WDS

OFFICE OF THE ATTORNEY GENERAL
of the State of New Mexico, GARY K. KING,
Attorney General, individually and in his official
capacity, ALBERT J. LAMA, Chief Deputy Attorney
General, individually and in his official capacity,

        Defendants.

# MEMORANDUM OPINION AND ORDER
# GRANTING SUMMARY JUDGMENT
# ON PLAINTIFF'S § 1983 SEX DISCRIMINATION CLAIM

THIS MATTER is before the Court on Defendants' Motion for Summary Judgment as to Plaintiff's Section 1983 claim for sex discrimination *(Doc. 86)* and related motions to stay brought by Plaintiff DeMack *(Docs. 108 & 113)*. Pursuant to 28 U.S.C. § 636(c) and FED. R. CIV. P. 73(b), the parties consented to have me serve as the presiding judge and enter final judgment in this action. I have carefully reviewed all of the pleadings, briefing and exhibits submitted by the parties. I find oral argument unnecessary in reaching my decision. For the reasons that follow, I find that Plaintiff has had ample time and opportunity to develop her evidence in opposition to the motion and has failed to meet her burden pursuant to Rule 56(d) of the Federal Rules of Civil Procedure for limited discovery. I further find that she has failed to come forward with evidence raising a material issue of dispute and that Defendants Lama and King are entitled to summary judgment on the basis of qualified immunity on the equal

protection claim brought pursuant to 42 U.S.C. § 1983.

I.     BACKGROUND

Four claims survived Defendants' motion to dismiss on the basis of Eleventh Amendment immunity – Plaintiff's claims under Title VII for sex discrimination and violation of the Equal Pay Act against the Office of Attorney General (AGO), and Plaintiff's Section 1983 claims against the individual defendants alleging due process violations and sex discrimination in connection with her employment with the AGO.  *Doc. 40*. I then granted Defendants Gary King and Albert Lama summary judgment as to the Section 1983 due process claims but denied the motion without prejudice to refile it as to the Section 1983 sex discrimination equal protection claim.  *Doc. 84*.  I thereby gave both Defendants and Ms. DeMack one last chance to properly support or address those facts the parties contend support or preclude summary judgment.  *See* FED. R. CIV. P. 56(e).  I required that any future motion specifically address the material facts not in dispute relevant to the claim and that Plaintiff's precisely follow the rules of procedure if she opposed the motion.  *Id.*

Defendants did refile their qualified immunity motion *(Doc. 86)*, and again asked that discovery be stayed until that motion was decided *(Doc. 44 & renewed at 87)*, a request which I granted.  *See Doc. 107; see also Workman v. Jordan*, 958 F.2d 332, 335 (10th Cir. 1992) ("The defense by a public official based on a claim of qualified immunity, if successful, protects the official both from liability as well as from the ordinary burdens of litigation, including far-ranging discovery.").  Yet again in response to the renewed motion, Plaintiff contends that she needs extensive discovery to oppose the qualified immunity defense.  Unlike her response to the first motion, however, she now submits an eleven-page affidavit identifying the multitude of discovery she wants and attempting to set forth "specified reasons" why such admissible

2

evidence is currently unavailable.  *See* FED. R. CIV. P. 56(d).[1]

According to her affidavit, back on August 26, 2011, Plaintiff "received a letter from the AGO in which the AGO [indicated] that it is now willing to allow her to inspect and copy documents pursuant to Plaintiff's June 18, 2011 IPRA [New Mexico's Inspection of Public Records Act] requests.  The date for inspection of AGO records is set for August 29, 2011. " *Doc. 108* at 4-5.  DeMack therefore requested an extension of time to file a response to the motion for summary judgment until: after she had the opportunity to review those IPRA-produced documents; after her Writ of Mandamus in State court regarding her IPRA requests had been resolved; or, in the alternative, she had obtained discovery pursuant to her Rule 56(d) affidavit.  *Doc. 108*; *see also Doc.108-1* ("Affidavit of Plaintiff No. 3").

Unfortunately for Plaintiff, I find that she fails to tailor her discovery requests to the qualified immunity issue, and her requests appear much more designed as fishing expedition.  *See Anderson v. Creighton*, 483 U.S. 635, 646  n.6 (1987) (in some cases limited discovery may be necessary to resolve factual questions concerning qualified immunity).  Moreover, the reasons she sets forth for the unavailability of necessary evidence are simply insufficient to delay the qualified immunity inquiry to another day.

Indeed, as Defendants point out, "Plaintiff's current Motion simply reiterates the contentions contained in her earlier Motions, the legal merits of which this Court has already clearly and unequivocally denied."  *Doc. 110* at 5.  As I discussed in that earlier ruling, Plaintiff

> seeks not only response to her IPRA requests, but to conduct discovery pursuant to Rule 26.  In furtherance of that desire, Ms. DeMack has attached a Rule 56(d) Affidavit that outlines the discovery she feels is needed to respond to the dispositive motion. *See Doc. 101-1*.  But I find that the . . . Rule 56(d) Affidavit

---

[1]  Amendments effective December 1, 2010 resulted in former Rule 56(f) now appearing as Rule 56(d).  Because of her references to 56(f), it appears Plaintiff was unaware of the change.

> asserts a need for information that goes far beyond what would be needed to respond to the qualified immunity inquiry. To grant her the relief requested would put the defendant officials through the unduly burdensome and intrusive discovery from which they would be protected if entitled to invoke the qualified immunity defense. . . .
>
> Moreover, Ms. DeMack fails to specifically explain why the documents that have been produced in response to her past IPRA requests are insufficient or what specific information should have been produced or and why these documents or information are essential for her response. In the most recent briefs filed by Ms. DeMack, she refers to a petition for writ of mandamus filed in state court just three days ago pursuant to the IPRA that specifically refers to "the AGO's failure to produce the findings and report of the pay equity study performed and produced by Frank Reinow for the AGO." *Doc. 104-1* at 9. As later made clear, however, she seeks "[a]ll documents that relate to the pay equity work ***performed in 1994*** by Mr. Reinow for the Attorney General's Office." *Doc. 104-1* at 19 (emphasis added). It is difficult to perceive the relevance of the sought information given its age – almost a decade before Ms. DeMack began her employment with the AGO. And even if that information somehow could be found calculated to lead to admissible evidence on the qualified immunity issue, Ms. DeMack fails to explain why, if she felt the responses to her IPRA requests were deficient, she failed to earlier follow through with the state remedies available to enforce the provisions of the IPRA.

*Doc. 107* at 3-4.

Also, Plaintiff has made no effort to inform the Court of ***any*** new information she may have gleaned from the more recent IPRA requested documents that the AGO agreed to produce almost five months ago. The Court can only presume that she has none to offer at this point.

On September 13, 2011, Plaintiff filed a document entitled "Notice of Unavailability and Motion to Stay Proceedings" which read as follows:

> Effective immediately until further notice, Plaintiff Deborah M. DeMack notifies all parties and the Court that she is unavailable and seeks to stay all proceedings in this action. This stay does not apply to any matters currently pending, but is effective as to the initiation of any new proceedings. This notice and motion also serves to extend time for Plaintiff to respond or reply to any motion currently pending or take other action in this proceeding. Counsel for Defendants have been contacted and they oppose this motion.

*Doc. 113*.[2]  In response, Defendants offered to work with Plaintiff and agree to reasonable extensions warranted by Plaintiff's unidentified circumstances, apparently to no avail.  Plaintiff's deadline for filing a reply brief as to her "Motion to Stay Proceedings or, in the Alternative, for an Extension of Time under Rule 56(f)" expired September 30, 2011.  She has filed nothing since the date of her "Notice of Unavailability" more four months ago that could indicate a valid reason for further postponing a ruling on the pending motions.

The Court finds that it can no longer allow this case to languish.  Plaintiff has had sufficient opportunity to meet her burden at this juncture.  Because her affidavit fails to identify with specificity tailored evidence that she needs to oppose the interposed qualified immunity defense, the Court finds that the motion now deserves a timely ruling.  Therefore, her motions to stay *(Docs. 108 & 113)* will be denied.

## II.    LEGAL STANDARD

Summary judgment is appropriate "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to summary judgment as a matter of law." FED. R. CIV. P. 56(a). A "genuine" issue of fact exists where the evidence is such that a reasonable jury could resolve the issue either way.  *Adler v. Wal-Mart Stores, Inc.*, 144 F.3d 664, 670 (10th Cir. 1998) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)).

In response to a motion for summary judgment, a party must support its assertion that a genuine factual dispute exists by citing to the record or showing that the materials cited by the movant do not establish a genuine dispute. FED. R. CIV. P. 56(c).  The party opposing summary

---

[2]  Apparently Plaintiff thinks that she has the unilateral power to manage the pre-trial deadlines for action in these proceedings.  I must remind her that the Court is responsible for case management and is charged with making those decisions.

judgment must present specific, admissible facts from which a rational trier of fact could find in his favor. *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986). The Court may consider only admissible evidence when ruling on a motion for summary judgment. *See Johnson v. Weld County, Colo.*, 594 F.3d 1202, 1209 (10th Cir. 2010) (affirming that "it is well settled in this circuit that we can consider only admissible evidence in reviewing an order granting summary judgment"). However, the Court must consider the record, and all reasonable inferences therefrom, in the light most favorable to the party opposing the motion. *Adler* at 670 (citing *Anderson*, 477 U.S. at 248.

### III. ENTITLEMENT TO QUALIFIED IMMUNITY

"The doctrine of qualified immunity protects government officials 'from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.'" *Pearson v. Callahan*, 555 U.S. 223 (2009) (quoting *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982)). "To resolve qualified immunity claims, a court must consider two elements: whether a constitutional violation occurred, and whether the violated right was 'clearly established' at the time of the violation." *Clark v. Wilson*, 625 F.3d 686, 690 (10th Cir. 2010). These elements may be addressed in any order. *See id.*

Defendants King and Lama have come forward with admissible evidence supporting their list of undisputed facts as to the Section 1983 sex discrimination claim. Those undisputed facts are as follows:

> 1. Plaintiff is a female attorney who was employed as an Assistant Attorney General with the New Mexico Attorney General's Office ("AGO"). (Amended Complaint [Doc. 35], ¶¶ 10-13.)
>
> 2. Before Plaintiff resigned she worked in the Consumer Protection Division of the

6

> AGO and was classified as Attorney II. (Id., ¶¶ 11, 13.)
>
> 3. Attorneys at the AGO are not all considered equal in terms of skill set, experience, and competence, and are, therefore, not all paid the same salary. (See Affidavit of Albert Lama ("Lama Aff."), ¶ 6. Attached as **Exhibit 1**.)
>
> 4. The AGO takes various factors into account when setting attorney salaries, including but not limited to: specialized skill sets needed to litigate specialized cases, the particular work to which an attorney has been assigned, years of experience, litigation experience, etc. (Id., at ¶ 7.)
>
> 5. The Department of Finance and Administration, not Defendants, approves raises. (Id., at ¶ 8.)
>
> 6. In 2008, Karen Meyers ("Ms. Meyers") was Plaintiff's immediate division supervisor. (Affidavit of Karen Meyers ("Meyers Aff.") [Doc. 43-2], ¶ 4.)
>
> 7. In a memo dated June 24, 2008, Ms. Meyers formally informed Plaintiff about substantial concerns over Plaintiff's management of consumer litigation and her overall performance as an AAG. (Id., ¶ 5); (see also Memo dated June 24, 2008 attached to Ms. Meyers' Affidavit as Exhibit 1.)
>
> 8. Additionally, in this memo Ms. Meyers apprised Plaintiff that, given these concerns, the AGO intended to discontinue its employment relationship with Plaintiff and requested Plaintiff's resignation. (Meyers Aff. [Doc. 43-2], ¶ 6.)

*Doc. 86* at 2-3. Assuming Plaintiff has made out her initial burden under *McDonnell Douglas Corp. v. Green,* 411 U.S. 792, 802 (1973), Defendants have responded with a prima facie showing that they used reasonable, non-discriminatory factors in setting salaries at the AGO and that they had legitimate business reasons in asking her to resign her position with the AGO. Because Plaintiff fails to even mention Defendants' Undisputed Material Facts set forth in their Memorandum, they are deemed admitted as a matter of law. D.N.M.LR-Civ. 56.1(b) ("All material facts set forth in the Memorandum will be deemed undisputed unless specifically controverted.").

The burden thus shifts back to Plaintiff to produce admissible evidence that the offered reasons for their actions were mere pretext for unlawful discrimination based on sex. In her

August 26, 2011 response in opposition to the motion for summary judgment, Plaintiff asserts pretext because of her "superior job performance." She relies on her additional allegations of a 2003 promotion from Assistant Attorney General I to Assistant Attorney General II and "extrameritorious" salary increases in 2003, 2004, 2005 and 2006, but none of these alleged "facts" provide the required specific reference to admissible evidence supporting the allegation. *Id.* ("Each additional fact must be lettered and must refer with particularity to those portions of the record upon which the non-movant relies.").

However, Plaintiff has attached three exhibits for consideration: (A) an affidavit of Patricia Madrid, the former attorney general who hired Plaintiff; (B) a 2004 letter from Madrid requesting a salary increase for Plaintiff; and (C) a 2004 letter from then-supervising attorney general Joel Cruz-Esparza "strongly proposing a meritorious increase" in Plaintiff's salary. *See Doc. 109* at Exhs. A-C. These exhibit reflect that her previous supervisor and the attorney general up until 2006 were pleased with her job performance.

But even if authenticated and admissible, the exhibits fail to raise a ***material*** issue of disputed fact. Plaintiff was asked to resign by her next supervisor, Ms. Meyers, in June of 2008 but not based upon her job performance from date of hire though 2006. Rather, the undisputed evidence establishes that the resignation request arose from Ms. Meyer's assessment of Plaintiff's job performance from when she became Plaintiff's supervisor in March 2007 to the date of her memo – June 24, 2008 – informing Plaintiff that she would be terminated if she chose not to resign. *See Doc. 43-2.* Because her previous job performance is not implicated as a reason for Defendants' actions, the issue is not material to the summary judgment determination. Similarly, Plaintiff's allegations of the absence of letters of recommendation in her official GAO file and of Ms. Meyer's failure to discuss or evaluate Plaintiff's performance on the job

8

prior to the June 2008 memo fail to raise a disputed issue of material fact.

In sum, from the undisputed facts supported by admissible evidence submitted on this motion, and unrebutted by Plaintiff, no reasonable jury could find by a preponderance of the evidence that Defendants King and Lama took employment actions against Plaintiff based on her sex. They are therefore entitled to summary judgment on the sex discrimination Section 1983 claim, and I need go no further in the qualified immunity analysis.

Wherefore,

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED AS FOLLOWS:**

1. Plaintiff's motions to stay *(Docs. 108 & 113)* are **denied**;

2. The Individual Defendants' Motion for Summary Judgment *(Doc. 86)* as to Plaintiff's sole remaining claim against them – the Section 1983 Claim for violation of Equal Protection – is **granted**; and

3. The stay of discovery is **lifted**.

_____
UNITED STATES CHIEF MAGISTRATE JUDGE
Presiding by Consent