IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

DEBORAH M. DEMACK,

        Plaintiff,

v.                                                       CIV 10-00288 KBM/WDS

OFFICE OF THE ATTORNEY GENERAL
of the State of New Mexico, GARY K. KING,
Attorney General, individually and in his official
capacity, ALBERT J. LAMA, Chief Deputy Attorney
General, individually and in his official capacity,

        Defendants.

## **ORDER  DENYING MOTION TO DISMISS *(Doc.119)***

        THIS MATTER is before the Court on Defendants' Motion to Dismiss Plaintiff's Remaining Claims in light of the Court's prior ruling (*Doc. 119)* which is entitled "Memorandum Opinion and Order Granting Summary Judgment Plaintiff's § 1983 Sex Discrimination Claim." *See Doc. 117*.  Defendants maintain that the law-of-the-case doctrine requires the Court to dismiss the remaining claims brought pursuant to Title VII and the Equal Pay Act. I respectfully disagree.

        In its prior summary judgment ruling, the Court found that Plaintiff had failed to meet her burden on the Section 1983 equal protection claims by using the Title VII framework for the analysis.  *See English v. Colorado Dept. of Corrections,* 248 F.3d 1002, 1007-08 (10th Cir. 2001) ("While *McDonnell Douglas* involved a Title VII claim for failure to hire, the analytical framework it pioneered applies equally to claims brought pursuant to section 1981, as well as to § 1983 claims based on allegations of racial discrimination in violation of the Equal Protection

Clause of the Fourteenth Amendment. . . .  Therefore, although English's Title VII, § 1981 and § 1983 claims rest on separate legal foundations, we review the sufficiency of his evidence of intentional discrimination for each under the *McDonnell Douglas* standard.") (internal quotations and citations omitted); *see also Maldonado v. City of Altus,* 433 F.3d 1294, 1307 (10th Cir. 2006), *overruled on other grounds, Burlington N. & Santa Fe Ry. Co. v. White,* 548 U.S. 53 (2006).  Under that analysis, I assumed that Plaintiff had established a prima facie case of discrimination.  The burden therefore shifted to the employer to articulate a legitimate, nondiscriminatory reason for its actions.  This burden is one of production, not persuasion and does not involve a credibility assessment.  *See, e.g., St. Mary's Honor Ctr. v. Hicks,* 509 U.S. 502, 509 (1993); *Texas Dept. of Community Affairs v. Burdine* 450 U.S. 248, 256 (1981).  I determined that the individual defendants had came forward with legitimate business reasons for its adverse actions by producing some evidence of poor performance.

 At that point, the burden shifted back to Plaintiff to either:  (1) produce evidence of pretext for an improper discriminatory motive; or (2) meet her burden under Rule 56(d) of the Federal Rules of Civil Procedure for limited discovery on the qualified immunity issue only.  *See Anderson v. Creighton*, 483 U.S. 635, 646 n.6 (1987) (in some cases limited discovery may be necessary to resolve factual questions concerning qualified immunity).  The law imposes these burdens on a plaintiff because "qualified immunity is not only a defense to liability but also entitlement to immunity from suit **and other demands of litigation**."  *Workman v. Jordan*, 958 F.2d 332, 336 (10th Cir. 1992) (emphasis added); *see also Lewis v. City of Fort Collins*, 903 F.2d 752, 754 (10th Cir. 1990) (qualified immunity protects public officials from far reaching discovery).  I expressly found that Plaintiff was not entitled to engage in discovery at that stage of the litigation "[b]ecause her [Rule 56(d)] affidavit fail[ed] to identify with specificity tailored

evidence that she needs to oppose the interposed qualified immunity defense." *Doc. 117* at 5. I further found that "from the undisputed facts supported by admissible evidence submitted on this motion, and unrebutted by Plaintiff, no reasonable jury could find by a preponderance of the evidence that Defendants King and Lama took employment actions against Plaintiff based on her sex." *Id* at 9.

However, now the sole remaining claims are against the employer Attorney General's Office (AGO) which lies outside the qualified immunity context. Thus, the AGO is not entitled to the same protection from the burdens of discovery as were the individual defendants. The discovery stay has been lifted, and Plaintiff is entitled to discovery as to those remaining claims. If after discovery, Plaintiff brings forward no more admissible evidence of pretext, at that time the law-of-the-case doctrine would dictate the entry of summary judgment for the employer. But at this time, such a request is premature.

Wherefore,

**IT IS HEREBY ORDERED** that Defendant's motion *(Doc. 119)* is **denied**. Plaintiff's Motion to file a surreply brief *(Doc. 126)* is therefore found **moot**.

_____
UNITED STATES CHIEF MAGISTRATE JUDGE
Presiding by Consent