IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

DEBORAH M. DEMACK,

        Plaintiff,

v.　　　　　　　　　　　　　　　　　　　　　　　CIV 10-0288 KBM/WDS

OFFICE OF THE ATTORNEY GENERAL
of the State of New Mexico,

        Defendant.

## ORDER GRANTING IN PART DEFENDANT'S MOTION TO COMPEL AND FOR SANCTIONS *(Doc.149)*

THIS MATTER is before the Court on Defendants' Motion to Compel Plaintiff's Responses to Defendnants' (sic) First Set of Interrogatories and Requests for Production and for the Sanction of Dismissal *(Doc. 149)*. Pursuant to 28 U.S.C. § 636(c) and FED. R. CIV. P. 73(b), the parties consented to have me serve as the presiding judge and enter final judgment. Because Defendant seeks the ultimate sanction of dismissal, I determined that this motion is best addressed by me in the first instance rather the Honorable Dan Schneider who serves as referred judge for pretrial matters. I have reviewed the motion as well as the memoranda and exhibits submitted by the parties. I find that the motion has merit, but decline at this juncture to impose the sanction of dismissal.

Plaintiff DeMack gave virtually identical non-responsive answers to all of Defendant's discovery requests:

> Ms. DeMack objects to this interrogatory on grounds that it is not relevant to the claims before this Court based on paragraph 4 of the Order Denying Motion to

>Dismiss *(Doc. 119)* entered on March 15, 2012 [Doc.127][1] and does not appear reasonably calculated to lead to the discovery of admissible evidence. *See* FED. R. CIV. P. 26(b)(1). Ms. DeMack further objects to this interrogatory as it seeks information that is attorney work product, to include but not limited to opinion work product, mental impressions, conclusions, opinions or legal theories. *See* FED. R. CIV. P. 26(b)(3).

*See Doc. 149-3*. Occasionally she also indicates that "[w]ithout waiving objections, this information is within the knowledge, possession, custody and control of the AGO." *See, e.g. id.* at Responses to Interrogatories 7, 9, 10.

Plaintiff also maintains that she is unable to respond to many of the discovery requests because Defendant has "produced (allegedly) complete personnel files for only 95 Assistant Attorneys (sic) Generals out of an estimated 350 Assistant Attorneys General." *Doc. 161* at 6. Yet as Judge Schneider recently found, DeMack's request for information "on every individual who worked as an assistant attorney general going back to 1987" is "overbroad to say the least." *Doc. 175* at 1-2. He then properly denied Plaintiff's motion to compel that information. *Id.* I am at a loss to believe that production of 95 complete personnel files is insufficient to enable DeMack to adequately respond to discovery requests. Moreover, in its Reply, Defendant AGO indicates that as of August 22, 2012, the number of produced personnel files for former or current assistant attorneys general now numbers one hundred twenty-nine (129). *Doc. 169* at 3.

---

[1] Paragraph 4 of that Order provides:

>[N]ow the sole remaining claims are against the employer Attorney General's Office (AGO) which lies outside the qualified immunity context. Thus, the AGO is not entitled to the same protection from the burdens of discovery as were the individual defendants. The discovery stay has been lifted, and Plaintiff is entitled to discovery as to those remaining claims. If after discovery, Plaintiff brings forward no more admissible evidence of pretext, at that time the law-of-the-case doctrine would dictate the entry of summary judgment for the employer. But at this time, such a request is premature.

Plaintiff asserts that her conversations with attorney Dan Faber, or the three female former or current assistant attorneys general that he represents in similar litigation, fall within attorney-client privilege or are protected from disclosure by the work product doctrine. DeMack's refusal to disclose the content of those discussions cannot logically be premised on either ground. There is no indication that Faber or any of his clients has ever represented DeMack. Moreover, Plaintiff failed to produce a privilege log as is required to raise either ground as justification for failing to respond to a discovery request.

I am also unpersuaded by Plaintiff's arguments that the discovery requests are burdensome and not calculated to lead to admissible, relevant evidence. As Judge Schneider held, Plaintiff's medical records are relevant given her claim for emotional injury damages. *See Doc. 178* at 1. Defendant's Request No. 11 asks for "all certificates, testing reports, diplomas, transcripts, honors, certifications or any other documents relating to any and all educational and vocational training you have received, including but not limited to, any and all law school transcripts, law school honors, law school awards, or other law school records." Plaintiff interprets this request as requiring that she produce her high school diploma and "her 8th grade Honorable Mention at a 1971 Los Angeles County track meet." Such a reading of the request constitutes a bad faith approach to avoid meeting her discovery obligations.

In sum, I find Plaintiff's objections unavailing and will require full and complete responses to Defendant's first set of discovery requests. However, at this time, the *Ehrenhaus* factors are not met for dismissal as an appropriate sanction for Plaintiff's actions. *See Ehrenhaus v. Reynolds*, 965 F.2d 916, 920 (10th Cir. 1992). Those factors include: (1) the degree of actual prejudice to the opposing party; (2) the amount of interference with the judicial process; (3) the culpability of the litigant; (4) whether the court warned the party in advance that

dismissal of the action would likely be taken as a sanction for non-compliance; and, (5) the efficacy of lesser sanctions. *Id.* at 921. The Court easily concludes that, as an attorney trained in the law, Plaintiff is fully culpable for her failure to provide adequate responses to the discovery requests. DeMack's actions have prolonged this litigation and increased the costs resulting in disruption to the judicial process and prejudice to Defendant. However, it does not appear that lesser sanctions have ever been imposed or that Plaintiff has been duly cautioned that dismissal is a likely sanction for further non-compliance with the rules or orders of this Court.

Thus, having examined the *Ehrenhaus* factors, I conclude that Plaintiff should be required to compensate Defendant for its attorney fees and costs incurred in bringing this motion to compel. The Court warns Plaintiff that any future failure to meet her obligations under the rules of procedure and orders of this Court may result in the imposition of further sanctions and could likely result in dismissal of this lawsuit.

Wherefore,

**IT IS HEREBY ORDERED** that Defendant's motion *(Doc. 149)* is **granted in part**. Plaintiff shall provide full and complete responses to Defendant's first set of discovery requests no later than Friday, September 28, 2012.

**IT IS FURTHER ORDERED** that Plaintiff pay Defendant's reasonable attorney fees and costs incurred in bringing this motion.

**IT IS FINALLY ORDERED** that this matter is referred to the Honorable Carmen Garza, United States Magistrate Judge, to conduct a settlement conference.

_____
UNITED STATES CHIEF MAGISTRATE JUDGE
Presiding by Consent