IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

DEBORAH M. DEMACK,

    Plaintiff,

v.                                                         CIV 10-0288 KBM/WDS

OFFICE OF THE ATTORNEY GENERAL
of the State of New Mexico; GARY K. KING,
Attorney General, in his official capacity; and
ALBERT J. LAMA, Chief Deputy Attorney General,
in his official capacity,

    Defendants.

## ORDER DISMISSING PLAINTIFF'S CLAIM PURSUANT TO NEW MEXICO'S INSPECTION OF PUBLIC RECORDS ACT

THIS MATTER comes before the Court on two pending Motions: Defendants' Motion to Dismiss Plaintiff's Claim Brought Pursuant to the New Mexico Inspection of Public Records Act ("IPRA") *(Doc. 214)*, and Plaintiff's Motion for Summary Judgment as to Plaintiff's IPRA Claims *(Doc. 213)*. Pursuant to 28 U.S.C. § 636(c) and FED. R. CIV. P. 73(b), the parties have consented to have me serve as the presiding judge and enter final judgment. *Docs. 7, 13*.

The Court has reviewed the motions and memoranda of the parties and relevant authorities. The Court finds that, pursuant to the Eleventh Amendment, it lacks jurisdiction over the IPRA claim that is set forth against the Defendant Attorney General Office ("AGO") in Count III of the Second Amended Complaint. Therefore, Defendant AGO's motion to dismiss is well taken and will be granted. Because the Court lacks jurisdiction, it also lacks authority to address Plaintiff's motion seeking summary judgment on the IPRA claim. Because the dismissal is based upon lack of jurisdiction, the IPRA claim in Count III will be dismissed without prejudice.

## I.     BACKGROUND

This lawsuit originated as an employment discrimination suit alleging Defendants' violations of the Equal Pay Act and Title VII of the Civil Rights Act of 1964.  In August of this year, Plaintiff sought to amend her Complaint to add claims for violations of New Mexico's Inspection of Public Records Act.  *See Doc. 172.*  Defendants did not oppose Plaintiff's requested amendment, and, on September 17, 2012, Plaintiff filed her Second Amended Complaint, containing her IPRA allegations.  *See Doc. 186.*

Before seeking leave to amend in federal court, Plaintiff filed a Petition for Writ of Mandamus in New Mexico's Second Judicial District Court, wherein she alleged violations of IPRA that are substantially similar, if not identical, to the alleged violations set forth in her Second Amended Complaint.  *See Doc. 214-1 at 5-14.*

## II.    LEGAL STANDARD

Defendants bring their motion pursuant to FED. R. CIV. P. 12(b)(1), alleging that the Court lacks jurisdiction to hear the state law IPRA claim.  *See Doc. 214 at 2.*  The Tenth Circuit has noted that Rule 12(b)(1) motions to dismiss for lack of subject-matter jurisdiction "generally take one of two forms: (1) a facial attack on the sufficiency of the complaint's allegations as to subject-matter jurisdiction; or (2) a challenge to the actual facts upon which subject-matter jurisdiction is based."  *Ruiz v. McDonnell*, 299 F.3d 1173, 1180 (10th Cir. 2002).  In the former situation, the Court presumes the allegations of the complaint to be true.  *See id.*  In the latter, the court "has wide discretion to allow affidavits, other documents, and a limited evidentiary hearing to resolve disputed jurisdictional facts under Rule 12(b)(1)."  *Alto Eldorado Partners v. City of Santa Fe*, No. CIV 08-0175 JB/ACT, 2009 WL 1312856, at *8-9 (D.N.M. Mar. 11, 2009) (Browning, J.) (citations omitted).  Reference to documents outside the pleadings in these

circumstances does not necessarily convert the motion to a FED. R. CIV. P. 56 motion for summary judgment.  *See Holt v. United States*, 46 F.3d 1000, 1003 (10th Cir. 1995).

Where the jurisdictional question is intertwined with the merits of the case, the court should resolve the motion under either FED. R. CIV. P. 12(b)(6) or FED. R. CIV. P. 56.  *See id.*; *Franklin Sav. Corp. v. United States*, 180 F.3d 1124, 1129 (10th Cir. 1999).  "When deciding whether jurisdiction is intertwined with the merits of a particular dispute, 'the underlying issue is whether resolution of the jurisdictional question requires resolution of an aspect of the substantive claim.'" *Davis ex rel. Davis v. United States*, 343 F.3d 1282, 1296 (10th Cir. 2003) (quoting *Sizova v. Nat'l Inst. of Standards & Tech.*, 282 F.3d 1320, 1324 (10th Cir. 2002)).

**III.   ANALYSIS**

Because Defendants' arguments challenge the subject matter jurisdiction of the Court, I will consider them before turning to Plaintiff's Motion, which addresses the merits of her IPRA claims.  *Martin v. Kansas*, 190 F.3d 1120, 1126 (10th Cir. 1999), *overruled on other grounds by Bd. of Trustees of Univ. of Ala. v. Garrett*, 531 U.S. 356 (2001) ("Because the State's assertion of Eleventh Amendment immunity challenges the subject matter jurisdiction of the district court, the issue must be resolved before a court may address the merits of [the] underlying . . . claim.").

On an earlier occasion in this lawsuit, Defendants successfully interposed an Eleventh Amendment immunity defense as to some claims brought in the original complaint.  *See Doc. 40*.  In what I considered to be a thorough discussion of such immunity, I rejected Plaintiff's novel theory that the AGO is not an "arm of the State" entitled to Eleventh Amendment immunity from suit in federal court.  *See id.* at 6-8 ("I therefore hold that the New Mexico AGO and the officer defendants in their official capacities are entitled to Eleventh Amendment immunity.").

Moreover, "absent waiver or valid abrogation, federal courts may not entertain a private person's suit against a State." *Virginia Office for Prot. & Advocacy v. Stewart*, ___ U.S. ___, 131 S.Ct. 1632, 1638 (2011). "Congress may abrogate a State's immunity when it acts under § 5 of the Fourteenth Amendment, but not when it acts under its original Article I authority to regulate commerce." *Id.* at 1638 n.2 (citing *Seminole Tribe of Fla. v. Florida*, 517 U.S. 44 (1996)). A state may waive its sovereign immunity, but it must either voluntarily invoke the federal court's jurisdiction or make a "'clear declaration' that it intends to submit itself to our jurisdiction." *College Sav. Bank v. Fla. Prepaid Postsecondary Educ. Expense Bd.*, 527 U.S. 666, 676 (1999). Here, there is no evidence of either congressional abrogation or New Mexico's clear declaration of intent to be sued in federal court.

Plaintiff once again confuses the concept of a state's general sovereign immunity from non-consensual suit with the parameters of immunity provided by the Eleventh Amendment to the United States Constitution. The Eleventh Amendment bars suits in *federal* court against a state government by its own citizens and by citizens of another state or foreign country. *See In re New York*, 256 U.S. 490 (1921); *Edelman v. Jordan*, 415 U.S. 651 (1974); *Missouri v. Fiske*, 290 U.S. 18, 28 (1933); *Hans v. Louisiana*, 134 U.S. 1, 15 (1890).

Contending that the State has waived its immunity, Plaintiff relies on certain provisions of the IPRA and cites to cases decided by New Mexico courts concerning IPRA's intent to hold public servants accountable. *See Doc. 231* at 4. But again, that waiver would surrender immunity from suit, not immunity to suit in a federal forum. "[A] State does not consent to suit in federal court merely by consenting to suit in the courts of its own creation." *College Sav. Bank*, 527 U.S. at 676 (citing *Smith v. Reeves*, 178 U.S. 436, 441-445 (1900)). The fact that

IPRA claims have been litigated in New Mexico's courts is therefore irrelevant to the question of federal subject matter jurisdiction.

Plaintiff also relies on federal lawsuits in which IPRA claims have been entertained:

> Defendants cite no authority to support their claim that the State has not consented to be sued in federal court under the provisions of IPRA.  To the contrary, the fact that the District Court routinely hears cases which include IPRA claims evidences that Eleventh Amendment immunity does not apply. *See, e.g.*, Apodaca v. Village of Angel Fire, Case No. 1l-CV-00916-MCA-WPL; Martinez v. Romero, Case No. 11-CV-00785-ACT-WDS: Gavin v. Village of Ruidoso, Case No. 11-CV-00344-CG-WPL.  Thus, Defendants' argument that they are immune from suit on Plaintiffs (sic) IPRA claim fails.

*Doc. 231* at 10-11.  Again, Ms. DeMack misses the mark.  These cited cases could proceed in federal court because they failed to implicate Eleventh Amendment immunity – in each case the government body being sued was a municipality.  Because municipalities are political subdivisions rather than "arms of the state," they lack Eleventh Amendment protection and are subject to suit in federal court.  *See Mt. Healthy City Bd. of Educ. v. Doyle*, 429 U.S. 274  (1977) ("The bar of the Eleventh Amendment to suit in federal courts extends to States and state officials in appropriate circumstances, but does not extend to counties and similar municipal corporations.").

Plaintiff's IPRA claims are therefore barred by the Eleventh Amendment from proceeding in federal court and this Court lacks the authority to address the merits of Plaintiff's motion for summary judgment.  Therefore, the IPRA claims will be dismissed without prejudice.

## CONCLUSION

Plaintiff's attempt to litigate claims pursuant to the New Mexico Inspection of Public Records Act cannot continue in federal court.  The Court lacks jurisdiction to hear such claims because they are asserted by a citizen against a State, and Congress has neither abrogated New

Mexico's immunity from such lawsuits nor has New Mexico consented to federal court jurisdiction over IPRA claims brought against it.

Wherefore,

**IT IS HEREBY ORDERED** that Defendants' Motion to Dismiss Plaintiff's Claim Brought Pursuant to the New Mexico Inspection of Public Records Act ("IPRA") *(Doc. 214)* is **granted**. Plaintiff's Count III is therefore **dismissed without prejudice**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Summary Judgment as to Plaintiff's IPRA Claims *(Doc. 213)* is found to be moot.

_____
UNITED STATES CHIEF MAGISTRATE JUDGE
Presiding by Consent